USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DARIO ACEITUNO,  :
                             Petitioner,  :
                                     :
              -v-  :
                                     :              1:19-cv-08395-GHW
HARRISON POLICE DEPARTMENT,  :
IMMIGRATION AND CUSTOMS  :              ORDER
ENFORCEMENT, *New York District*,  :
IMMIGRATION COURT, BOARD OF  :
IMMIGRATION APPEALS,  :
                             Respondents.  :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On November 25, Petitioner filed a motion for reconsideration of the Court's order denying his challenge to his removal order and transferring the petition to the United States District Court for the Northern District of Alabama. Dkt. No. 7. The Court has reviewed the motion for reconsideration and has determined that it does not provide a basis for the Court to reconsider its decision.

       Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Because Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's allegations and "interpret[ ] [them] to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks and citation omitted)).

Even given the liberal construction afforded to *pro se* litigants, the Court can discern no legal basis for granting Petitioner's motion for reconsideration. With respect to venue, the motion points to no intervening change of controlling law or the availability of new evidence. It merely presents a new theory—namely, that the Court should consider the petition as having been filed while Mr. Aceituno was in New York, even though he mailed it from New Jersey, because Petitioner was transferred to 26 Federal. Plaza in New York, NY the day it was mailed. But under the "prison mailbox" rule, a *pro se* prisoner's petition is considered filed when it is delivered to prison officials. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). As a result, there is no basis to conclude that Petitioner was in the Southern District of New York when he filed the petition. Mr. Aceituno does not contest that he gave this petition to prison officials to file in New Jersey—nor could he, given that the tracking number on the petition reveals that the United States Postal Service collected it from a regional facility in Kearny, New Jersey, before moving it to another regional facility in New York. *See* Dkt. No. 1 at 9.

With respect to this Court's subject matter jurisdiction over Petitioner's challenge to his deportation order, Petitioner again points to no intervening change of controlling law or the availability of new evidence that would alter the Court's determination that it lacks jurisdiction.

2

"[T]he courts of appeals have exclusive jurisdiction to review all administratively final orders of removal, deportation and exclusion." *Barnes v. U.S. Immigration & Customs Enf't*, No. 05-CV-370, 2005 WL 1661652, at *1 (E.D.N.Y. July 14, 2005). Although Petitioner argues that he was denied proper review of his petition for many reasons, including a failure of the prison mailing system at Sarasota County Jail, Florida, the Board of Immigration Appeals' abuse of its discretion in denying his motion to reopen, and an "incomplete" transfer of his habeas corpus petition, these are challenges to the validity of Petitioner's final order of removal—challenges that district courts are explicitly stripped of jurisdiction from considering under the REAL ID Act of 2005, codified at 8 U.S.C. § 1252. *See De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007).

Finally, to the extent that Petitioner requests any other relief, such as the transfer of this case to the Western District of Louisiana, *see* Motion for Reconsideration, Dkt. No. 10 at ¶ 21, that request should be made to the presiding judge in the Northern District of Alabama, Middle Division.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 10 and to mail a copy of this order to Petitioner by certified mail and by regular, first class mail.

SO ORDERED.

Dated: December 3, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge